Opinion issued June 27, 2002









 




In The

Court of Appeals

For The

First District of Texas






NO. 01-01-00097-CR






CHRISTOPHER RYAN DERR, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the County Criminal Court at Law No. 12

Harris County, Texas

Trial Court Cause No. 10-18619






O P I N I O N


 A jury convicted appellant, Christopher Ryan Derr, of the misdemeanor offense
of driving while intoxicated (DWI). The court assessed his punishment at 180 days
in county jail, probated for 18 months, and a $500 fine. In two points of error,
appellant claims his counsel was ineffective; in a third point, he asserts the trial court
erred in allowing testimony on the reliability of the horizontal gaze nystagmus (HGN)
test. We affirm.

Background

 Appellant was pulled over after he sped past Officer Craig Bellamy and
Sergeant Bryan Robinson of the Houston Police Department, who were working
together on the Department's DWI task force. While talking to appellant, Officer
Bellamy noticed there was a strong smell of alcohol on appellant's breath, his speech
was slightly slurred, and his eyes were red and glassy. Appellant told the officer he
had two beers and a mixed drink that night. Officer Bellamy had appellant perform
several sobriety tests, including the HGN test. Based on appellant's performance on
these tests, the officer determined he was intoxicated. The police car's video system
recorded the events of the stop on tape.

 Appellant was transferred to a police station, where he was again videotaped
performing sobriety tests. Appellant refused to give a breath sample. Appellant said
he was willing to give a blood sample instead, but arrangements were not made by
appellant or the police department for the proper medical personnel to come and draw
blood.

 After appellant was found guilty at trial, he filed a motion for new trial alleging
that his counsel was ineffective and the evidence was legally insufficient. The motion
for new trial was denied. We have no record of any hearing related to this motion for
new trial. 

Ineffective Assistance of Counsel 

Standard of Review

 We apply the usual standard of review requiring appellant to show that his
counsel's performance was both deficient and prejudicial. See Strickland v.
Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); Thompson v. State, 9
S.W.3d 808, 812-13 (Tex. Crim. App. 1999). Whether the standard for reasonably
effective counsel has been met is to be judged by the totality of the representation,
rather than by isolated acts or omissions of trial counsel. Butler v. State, 716 S.W.2d
48, 54 (Tex. Crim. App. 1986); Brown v. State, 866 S.W.2d 675, 677 (Tex.
App.--Houston [1st Dist.] 1993, pet. ref'd). There is a strong presumption that the
counsel's conduct was reasonable. See Strickland, 466 U.S. at 689, 104 S. Ct. at
2065. Any allegation of ineffectiveness must be firmly founded in the record, and the
record must affirmatively demonstrate the alleged ineffectiveness. Thompson, 9
S.W.3d at 813.

 Failure to Object to Officer's Testimony 

 In his first point of error, appellant contends his counsel was ineffective for
failing to object when Officer Bellamy equated the HGN test with the results of a
breath test. The HGN test is designed to detect intoxication through the observation
of eye movements. See Emerson v. State, 880 S.W.2d 759, 766 (Tex. Crim. App.
1994). Nystagmus is "involuntary rapid oscillation of the eyeballs in a horizontal,
vertical, or rotary direction." Id. at 765 (quoting R. Berkow, ed., The Merck Manual
of Diagnosis and Therapy 1429 (1992)). One of the three criteria involved in the
HGN test involves looking for the onset of nystagmus at an angle less than or equal
to 45 degrees. Id. at 766. 

 Officer Bellamy testified that the onset of nystagmus occurred in appellant at
40 degrees, an indication of intoxication. On cross examination, appellant's counsel
questioned the officer about the technique used in measuring the angle. During that
line of questioning the following exchange occurred.

 [Counsel]: Okay. But the only way you are certain, sir, that you are
looking at a 45-degree angle is your visual eye. You have
no way to exactly measure whether that's 45?


 [Bellamy]: Yes, sir, we do. We can measure it.


 [Counsel]: Sir, you just testified, basically, you are looking from his
shoulder over; correct?


 [Bellamy]: You said there is no way to verify it. If they give a breath
test, we can verify the angle of onset.


 [Counsel]: In other words, if they give a breath test?


 [Bellamy]: Correct.


 [Counsel]: But if they don't, sir, you have to admit that it is basically
your naked eye, and I realize you are a trained police
officer and you have been through several trainings. But
it is your naked eye that's determining that's 45 degrees;
correct?


 [Bellamy]: Correct.

(emphasis added).

 Appellant contends his counsel should have been aware that the law prohibits
testimony equating blood alcohol content (BAC) with the HGN test results, and
counsel should have objected. The State contends that Bellamy's testimony was not
prohibited by Emerson, and we agree. 

 Emerson held the HGN test technique is a reliable indicator of intoxication, but
not of a precise BAC. 880 S.W.2d at 768-69. Emerson held that a qualified witness,
such as Officer Bellamy, "may testify concerning a defendant's performance on the
HGN test, but may not correlate the defendant's performance on the HGN test to a
precise BAC." Id. at 769. Officer Bellamy's testimony did not attempt to quantify
appellant's BAC based on the HGN test, and, therefore, did not violate Emerson. See
id. Counsel is not ineffective for failing to object to admissible testimony. 
McFarland v. State, 845 S.W.2d 824, 846 (Tex. Crim. App. 1992). 

 We overrule appellant's first point of error.

Failure to Present Mitigating Evidence

 Appellant next contends his counsel was ineffective because he failed to obtain
dental records that would help explain why appellant's speech was slurred. Appellant
testified he has slurred speech when he talks fast as a result of a car accident where
his jaw was shattered and nine of his teeth were knocked out. Appellant contends on
appeal that dental records would have corroborated his testimony, and his trial
counsel's failure to present this evidence was ineffective assistance. Nothing in the
record confirms or denies this claim. We cannot assume that the dental records would
have been helpful to appellant and base our analysis on that assumption. Appellant's
presumption that the dental records would have corroborated his own testimony is not
firmly grounded in the record. The record must affirmatively demonstrate the alleged
ineffectiveness, and here it does not. See Thompson, 9 S.W.3d at 813.

 We overrule appellant's second point of error. 

Admission of Officer Bellamy's Testimony

 In his third and final point of error, appellant claims that the trial court erred
by not sustaining his objections to questions asked of Officer Bellamy. The following
occurred on direct examination by the State.

 [State]: You mentioned you have done the H.G.N. 
You do that first in almost everybody you pull
over?


 [Bellamy]: Everybody, that is the first thing that I do, yes,
sir.


 [State]: Have you ever come across a situation where
you pull somebody over, maybe you smell a
little bit of alcohol on their breath, maybe you
see a few clues, you pull them out of the car
and you give them the H.G.N. test, but they
don't have all these clues?


 [Defense Counsel]: Objection. Relevance, your Honor.


 [The Court]: Overruled.


 [Defense Counsel]: Objection your Honor. This is highly
prejudicial and has no probative value at all.


 [The Court]: Y'all approach.


 (Bench discussion off the record)


 [The Court]: Objection is overruled.


 [State]: Have there been cases when you have pulled
somebody over, you smell alcohol on their
breath, you maybe see some clues that you
think maybe they have been drinking, you
take them out of the car and you do the
H.G.N. test but they don't have six clues or
they don't have even four clues?


 [Bellamy]: Yes, sir, that's what happens the majority of
the time. An average night, if I get 10 people
out and test them, we may only arrest one or
two.


 [Defense Counsel]: Objection, your Honor.


 [The Court]: Overruled. 


 Appellant asserts that the particular questions and answer to which he objected
were not relevant or, alternatively, that their probative value was substantially
outweighed by the dangers of unfair prejudice or misleading the jury. See Tex. R.
Evid. 401, 403. Trial court rulings under Rules 401 and 403 will not be disturbed
absent a clear abuse of discretion. Moreno v. State, 858 S.W.2d 453, 463 (Tex. Crim.
App. 1993).

 We first consider whether the trial court abused its discretion by finding the
evidence relevant. The rules of evidence favor the admission of all logically relevant
evidence for the jury's consideration. Montgomery v. State, 810 S.W.2d 372, 375
(Tex. Crim. App. 1990). Evidence merely tending to affect the probability of the
truth or falsity of a fact in issue is logically relevant. Id. at 376. Evidence need not
by itself prove or disprove a particular fact to be relevant; rather, it is sufficient that
the evidence provides a small nudge toward proving or disproving some fact of
consequence. Id. If the trial court believes that a reasonable juror would conclude
that the proffered evidence alters the probability of truth of a consequential fact to any
degree, relevancy is present. See id.

 The court was within its discretion to allow the disputed questions and answers. 
The questions went to the officer's general experiences with the HGN test, a relevant
topic given the State's partial reliance on the results of that test in this case. The
answer showed that the officer often received results from the test that indicated a
person was not intoxicated, despite initial clues that had suggested intoxication. 
Although not determinative, such testimony was relevant--just as it would have been
had the officer answered that every time he has smelled alcohol on someone's breath
the HGN test always indicated intoxication. In the hypothetical situation just
described, a jury would likely find such an answer relevant and indicative that the
officer was generally incompetent or dishonest in the application of the HGN test. 
A less extreme answer, such as the one actually given by Officer Bellamy, is likewise
relevant. 

 We next consider whether the trial court abused its discretion in overruling
appellant's Rule 403 objection. Rule 403 was designed to give the trial court
"considerable freedom in evaluating proffered evidence's probative value in relation
to its prejudicial effect." Montgomery, 810 S.W.2d at 378. The opponent of the
evidence has the burden to show that the evidence's negative effects substantially
outweigh any probative value. See Tex. R. Evid. 403; Montgomery, 810 S.W.2d at
377. Evidence is not "prejudicial" for purposes of Rule 403 simply because it tends
to prove guilt. Montgomery, 810 S.W.2d at 378. However, a truly prejudicial effect
may be created by the tendency of the evidence to prove some adverse fact not
properly in issue or to unfairly excite emotions against the defendant. Id. 

 On appeal, appellant does not argue how this evidence was unfairly prejudicial
or likely to mislead the jury. Our own review finds no reason to conclude that the
trial court abused its broad discretion over this matter.

 We overrule appellant's third point of error.

 We affirm the judgment. 



 Lee Duggan, Jr.

 Justice



Panel consists of Justices Hedges, Nuchia, and Duggan. (1) 

Do not publish. Tex. R. App. P. 47.
1. The Honorable Lee Duggan, Jr., retired Justice, Court of Appeals, First
District of Texas at Houston, participating by assignment.